UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NOTHERN (COVINGTON) DIVISION

KY. TAX BILL SERVICING, INC.:
INDIVIDUALLY AND ON BEHALF  :
OF THOSE INDIVIDUAL MEMBERS :
OF A CLASS OF SIMILARLY     :    2:19-CV-_____
SITUATED PERSONS OR         :
CORPORATIONS                :
                            :
      PLAINTIFF             :
                            :
v.                          :    JUDGE_____
                            :
CITY OF COVINGTON,          :
20 WEST PIKE STREET         :
COVINGTON, KENTUCKY 41011   :    MAGISTRATE_____
                            :
                            :
AND                         :
                            :    CIVIL ACTION WITH JURY
EVANS LANDSCAPING, INC.     :    TRIAL DEMANDED
4229 BOTTOM ROAD            :
CINCINNATI, OHIO 45244      :
                            :
AND                         :
                            :
J.P. EXCAVATING, INC.       :
11890 HIGHWAY 127 NORTH     :
GLENCOE, KENTUCKY 41046     :
                            :
AND                         :
                            :
U.S. BANK CUSTODIAN         :
TLCF, 2012A, LLC,           :
KENTUCKY TAX LIEN FUND, LLC :
TAX LIEN SERVICE CORP.,     :
UNITED TAX SERVICE, LLC,    :
KENTUCKY TAX COMPANY, LLC,  :
GRSAN-Z,LLC,                :
BLUEGRASS TAX LIEN BUREAU,  :
LLC,                        :
HARMONY ALLIANCE, LLC       :

```
KEITH RILEY,                  :
SKD1, LLC                     :
WAFA BRAUN,                   :
U.S. BANK, AS CUSTODIAN       :
FOR SASS MUNI, V, DTR,        :
AMERICAN TAX FUNDING, LLC     :
TAX EASE LIEN SERVICING,      :
LLC,                          :
CARDINAL LIEN SERVICES,       :
LLC,                          :
                              :
     DEFENDANTS               :
```

The Plaintiff, Kentucky Tax Bill Servicing, Inc., by counsel, for this Complaint and demand for a trial by jury states as follows:

## IDENTITY OF PARTIES

1) Kentucky Tax Bill Servicing, Inc., is a Kentucky corporation and for all times relevant to this action, was a registered third-party purchaser of certificates of delinquency for delinquent unpaid real estate taxes for properties located in the City of Covington, Kenton County, Kentucky. It's principal place of business is 4135 Alexandria Pike, Cold Spring, Campbell County, Kentucky.

2) Defendant, City of Covington, Kentucky is a home rule municipality and a municipal corporation governed under the laws of the Commonwealth of Kentucky. Its principal place of business is located at 20 West Pike Street, Covington, Kentucky 41011.

3) Defendant, Evans Landscaping, Inc., is an Ohio

Corporation and a citizen of Ohio that acted on behalf of the City of Covington, Kentucky as a contractor and demolished buildings in the City of Covington at the direction of Covington city staff.  Evans' principal address is 4229 Bottom Road, Cincinnati, Hamilton County, Ohio.

4) Defendant, JP Excavating, Inc., is a Kentucky corporation and citizen of Kentucky that also acted on behalf of the City of Covington, Kentucky as a contractor and demolished buildings in the City of Covington at the direction of Covington city staff. JP Excavating's principal address is 11890 Highway 127 North, Glencoe, Gallatin County, Kentucky.

5) Defendant, U.S. Bank Custodian, TLCF 2012A, LLC is a limited liability company that holds a certificate of delinquency for the 2013 tax year for the real estate and improvements located at 221 Bush Street, 1322 Holman Avenue, 317 East 12th Street, Covington, Kenton County, Kentucky.  They have may have an interest in this action as lienholders who did not receive notice of the demolition of the structures located at 221 Bush Street, 1322 Holman Avenue, and 317 East 12th Street, Covington, Kenton County, Kentucky.  Their principal address is P.O. Box 394, Lexington, Kentucky 40588.

6) Defendant, Kentucky Tax Lien Fund, LLC, is a Kentucky limited liability company whose members are citizens of the Commonwealth of Kentucky.  They hold a certificate of

delinquency against the real property and improvements located at 221 Bush Street, 1604 Scott Blvd., 225 East 11th Street, 1828 Garrard Street, 212 Bush Street, Covington, Kenton County, Kentucky filed of record with the Kenton County Clerk.  They have may have an interest in this action as lienholders who did not receive notice of the demolition of the structures located at 221 Bush Street, 1604 Scott Blvd., 225 East 11th Street, 1828 Garrard Street, 212 Bush Street, Covington, Kenton County, Kentucky.  There principal address is 783 Chinoe Road, Lexington, Fayette County, Kentucky.  He may have an interest in this action as lienholders who did not receive notice of the demolition of the structures located at 221 Bush Street.  There principal address is 783 Chinoe Road, Lexington, Fayette County, Kentucky.

7) Defendant, Kentucky Lien Holdings, LLC, is a Kentucky limited liability company whose members are citizens of the Commonwealth of Kentucky.  They hold a certificate of delinquency against the real estate and improvements located at 1322 Holman Avenue, 225 East 11th Street, Covington, Kenton County, Kentucky.  They may have an interest in this action as a lien holder who did not receive notice of the demolition of the structures located at 1322 Holman Street, 225 East 11th Street, Covington, Kenton County, Kentucky.  Their principal place of business is located at 403 Main Street, Hazel, Kentucky 42049.

8) Defendant, Tax Lien Service Corporation, is a Kentucky corporation who holds a certificate of delinquency against the real estate located at 317 East 12th Street, 315 East 12th Street, Covington, Kenton County, Kentucky.  They may have an interest in this action as a lien holder who did not receive notification of the demolition of structures located at 317 East 12th Street, 315 East 12th Street,  Covington, Kenton County, Kentucky.  Their principal place of business is located at 209 East High Street, Lexington, Fayette County.

9) Defendant, United Tax Service, LLC, is a Kentucky limited liability company whose members are citizens of the State of Ohio and who holds a certificate of delinquency against the real estate and improvements located at 211 West 16th Street, 1610 Jefferson Avenue,  Covington, Kenton County, Kentucky. They may have an interest in this action as a lien holder who did not receive notification of the demolition of structures located at 211 West 16th Street, 1610 Jefferson Avenue, Covington, Kenton County, Kentucky.  Their principal place of business is located at 7966 Cooper Road, Cincinnati, Hamilton County, Ohio.

10)  Defendant, Kentucky Tax Company, LLC, is a Kentucky limited liability company whose members are citizens of the Commonwealth of Kentucky and who holds a certificate of delinquency against the real estate and improvements located at

211 West 16th Street, Covington, Kenton County, Kentucky.  They may have an interest in this action as a lien holder who did not receive notification of the demolition of structures located at 211 West 16th Street, Covington, Kenton County, Kentucky,  Their principal place of business is located at 126 North Maple Street, Somerset, Pulaski County, Kentucky.

11)  Defendant, GRSAN-Z, LLC, is a Georgia limited liability company whose members are citizens of the State of Georgia who holds a certificate of delinquency from an assignment of interest from Investra Services, LLC against real estate located at 1604 Scott Blvd., Covington, Kenton County, Kentucky.  They may have an interest in this action as a lienholder who did not receive notification of the demolition of structures located at 1604 Scott Blvd., Covington, Kenton County, Kentucky.  Their principal place of business is located at 2020 Howell Mill Road, C-513, Atlanta, Georgia.

12)  Defendant, Bluegrass Tax Lien Bureau, LLC, is a Kentucky limited liability company whose members are citizens of the Commonwealth of Kentucky and who hold a certificate of delinquency against real estate and improvements located at 132 West 14th Street, 132 West 14th Street, and 1610 Jefferson Avenue, 315 East 12th Street, Covington, Kenton County, Kentucky.  They may have an interest in this action as they are lien holders who may not have received notification of the demolition of

structures located at 132 West 14th Street, 1610 Jefferson Avenue, 315 East 12th Street, Covington, Kenton County, Kentucky. Their principal place of business is located at 209 East High Street, Lexington, Fayette County, Kentucky.

13)   Defendant, Harmony Alliance, LLC, is a Kentucky limited liability company whose members are citizens of the Commonwealth of Kentucky and who hold a certificate of delinquency against real estate located at 132 West 14th Street, 225 East 11th Street, Covington, Kenton County, Kentucky.  They may have an interest in this action as they are lien holders who may not have received notification of the demolition of structures located at 132 West 14th Street, Covington, Kenton County, Kentucky.  Their principal place of business is located at 783 Chinoe Street, Lexington, Fayette County, Kentucky.

14)   Defendant, Keith Riley, is a natural person and a citizen of the Commonwealth of Kentucky and holds a certificate of delinquency against real estate located at 132 West 14th Street, Covington, Kenton County, Kentucky.  He may have an interest in this action as a lien holder who did not receive notification of the demolition of structures located at 132 West 14th Street, Covington, Kenton County, Kentucky.  His principal address is 1412 Russell Street, Covington, Kenton County, Kentucky.

15)   SKD1, LLC is a Kentucky limited liability company

whose member is a citizen of the Commonwealth of Kentucky and holds a certificate of delinquency against the real estate and structures located at 225 East 11th Street, Covington, Kenton County, Kentucky. It may have an interest in this action as a lien holder who did not receive notification of the demolition of structures located at 225 East 11th Street, Covington, Kenton County, Kentucky. Its principal place of business is located at P.O. Box 6205, Florence, Boone County, Kentucky.

16) Defendant, WAFA Braun, is a natural person and a citizen of the State of Ohio who holds a certificate of delinquency for the real estate and improvements located at 225 East 11th Street,315 East 12th Street, Covington, Kenton County, Kentucky. They may have an interest in this action as a lien holder who did not receive notification of the demolition of the structures located at 225 East 11th Street, 315 East 12th Street, Covington, Kenton County, Kentucky. Their principal place of business is located at 1208 Reynolds Avenue, Middletown, Butler County, Ohio.

17) U.S. Bank as Custodian for SASS Muni V DTR is a custodian and banking institution and is a Delaware Corporation who holds a certificate of delinquency for the real property located at 1610 Jefferson Avenue, 1828 Garrard Street, Covington, Kenton County, Kentucky. They may have an interest in this action as a lien holder who did not receive notification

of the demolition of the structures located at 1610 Jefferson Avenue, 1828 Garrard Street, Covington, Kenton County, Kentucky. Their principal place of business is located at P.O. Box 6845, Lincoln, Nebraska.

18) Defendant, American Tax Funding, LLC, is a Florida limited liability company and whose members are citizens of the State of Florida who hold a certificate of delinquency for the real estate and improvements located at 422 West 13th Street, Covington, Kenton County, Kentucky. They may have an interest in this action as lien holders who did not receive notification of the demolition of structures located at 422 West 13th Street, Covington, Kenton County, Kentucky. Their principal place of business is located at 801 Maplewood Drive, Unit 4, Jupiter, Florida.

19) Defendant, KLAS Properties, LLC, is a Kentucky limited liability company whose member is a citizen of Kentucky and who holds a certificate of delinquency for the real property and improvements located at 422 West 13th Street, Covington, Kenton County, Kentucky. They may have an interest in this action as lien holders who did not receive notification of the demolition of structures located at 422 West 13th Street, Covington, Kenton County, Kentucky. Their principal place of business is located at 154 Vanderbilt Avenue, Bowling Green, Warren County, Kentucky.

20)   Defendant, Tax Ease Lien Servicing, LLC, is a Kentucky limited liability company whose members are citizens of the State of Texas and who hold a certificate of delinquency against real estate and improvements located at 1828 Garrard Street, Covington, Kenton County, Kentucky.  It may have an interest in this action as a lien holder who did not receive notice of the demolition of structures located at 1828 Garrard Street, Covington, Kenton County, Kentucky.  Its principal place of business is located at 14800 Landmark Blvd. Suite 400, Dallas, Texas.

21)   Defendant, Cardinal Lien Services, LLC, is a Kentucky limited liability company whose members are citizens of Kentucky and who hold a certificate of delinquency for real estate and improvements located at 212 Bush Street, Covington, Kenton County, Kentucky.  It may have an interest in this action as a lienholder who was not notified of the demolition of structures at 212 Bush Street, Covington, Kenton County, Kentucky.  Their principal place of business is located at 20 North Grand Avenue, Fort Thomas, Campbell County, Kentucky.

22)   Defendant, Hazel Enterprises, LLC, is a Kentucky limited liability company whose member is a citizen of the Commonwealth of Kentucky who holds a certificate of delinquency for the real estate and improvements located at 212 Bush Street, Covington, Kenton County, Kentucky.  It may have an interest in

this action as a lien holder who did not receive notice of the demolition of structures at 212 Bush Street, Covington, Kenton County, Kentucky. Its principal place of business is located at P.O. Box 196, Hazel, Kentucky.

## JURISDICTION AND VENUE

23)   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

24)   Venue is property in this Court under 28 U.S.C. § 1391(b) in that Defendants reside or conducted business in this district and all of the acts described in this Complaint occurred in this district.  The Northern (Covington) Division of the Eastern District of Kentucky is the proper jury division under Local Rule 3.2(a)(3)(A) since the City of Covington as a governmental body is found in this division and the events surrounding this action accrued and occurred in Kenton County, Kenton whose jury division is Covington.

25)   The Plaintiff is also seeking to certify this action as a class action as it is believed there are numerous other similarly situated and affected plaintiffs as the City of Covington demolished over 100 buildings and structures without the legally required notice proscribed by law at the time.

## JURY DEMAND

26)   The Plaintiff demands this matter be set for a jury

trial.

## **FACTUAL BACKGROUND**

27)  Plaintiff is a registered third-party purchaser of certificates of delinquency (hereinafter "tax bills") in Kenton County, Kentucky.

28)  Each year, the county clerk in each Kentucky county conducts a sale of delinquent county and state real estate taxes.  The procedures or the sale are outlined in Ky. Rev. Stat. § 134.126.  In-order to purchase bills, a purchaser must register and be approved by the Kentucky Revenue Cabinet.

29)  Under Kentucky law, a purchaser of tax bills receives the certificate filed of record with the County Clerk and has a lien against the real estate.   The lien is superior to all other liens against the property, excepting other tax bill holders.   In consideration of purchasing the tax bill, the tax bill holder collects interest against his investment at the rate of 12% per annum.

30)  Kenton County for all times relevant to this Complaint conducted the sales following all procedures required under Kentucky law.

31)  Plaintiff purchased tax bills beginning in 2010 and was a registered purchaser of tax bills with the Kentucky Revenue Cabinet.

32)  Specifically, Plaintiff purchased certificates of

delinquency (hereinafter referred to as "tax bills") for the following properties in the City of Covington: 132 West 14th Street, 211 West 16th Street, 212 Bush Street, 225 East 11th Street, 317 West 12th Street, 422 West 13th Street, 1322 Holman Avenue, 1567 Maryland Street, 1604 Scott Blvd., 1610 Jefferson Avenue, 1629 May Street, 1828 Garrard Street.  The demolition of these properties by J.P. Excavating or Evans Landscaping at the direction of the City of Covington is the subject matter of this civil action.

33) Meanwhile, the City of Covington, during this same period used its home rule and administrative powers to demolish dozens of homes and buildings that were most often vacant.

34) Covington, through it's agents, Defendants, J.P. Excavating and Evans Landscaping, demolished the following buildings the Plaintiff held tax bills against: 132 West 14th Street, 211 West 16th Street, 212 Bush Street, 225 East 11th Street, 317 West 12th Street, 422 West 13th Street, 1322 Holman Avenue, 1567 Maryland Street, 1604 Scott Blvd., 1610 Jefferson Avenue, 1629 May Street, 1828 Garrard Street.

35) The other named Defendants who are purchasers of certificates of delinquency for the properties that are the subject matter of this action and also are alleged to not have received notification of the demolition of the improvements to the subject properties.

36)   The City contracted with Defendants, Evans Landscaping and JP Excavating, to demolish the homes and structures after demolition orders were issues by the Covington Code Enforcement Board.

Evans Landscaping tore down the homes and structures at the following addresses at Covington's direction: 1629 May Street, 1610 Jefferson Avenue.

J.P. Excavating tore down the homes and structures at the following addresses at Covington's direction: 132 West 1th Street, 211 West 16th Street, 1322 Holman Street, 221 Bush Street, 1567 Maryland Avenue, 1629 May Street, 317 East 12th Street, 1828 Garrard Street, 212 Bush Street, 422 West 13th Street.

37)   Ky. Rev. Stat. § 381.770(6) in effect at the time (now repealed) required the City to provide all lien holders, including the Plaintiff, notice of a demolition order to all lien holders, including the Plaintiff.

38)   The City of Covington and employees of its Code Enforcement Department unlawfully entered the properties without a warrant under the color of law and inspected the properties to substantiate claims and bolster cases before the Code Enforcement Board in-order to achieve demolition orders.

39)   Defendant, City of Covington failed to serve the

Plaintiff with the demolition orders as it was required to do prior to demolishing buildings under Kentucky law.

40)   Foreclosures were filed in Kenton Circuit Court by various parties including the City of Covington on the following properties:  212 Bush Street, 225 East 11th Street, 317 East 12th Street, 422 West 13th Street, 1567 Maryland Avenue, 1629 May Street, and 1828 Garrard Street.  At no time while the foreclosures were pending did the City of Covington or it's attorneys give any parties, including the Plaintiff, notice of their intent to demolish the homes and structures at the above addresses.  The City failed to disclose actions it was administratively taking while judicial proceedings were ongoing regarding the subject properties.

41)   At all times relevant to this Complaint, the City of Covington, its agents, namely, Evans Landscaping and JP Excavating were acting under the color of law.

42)   As a result of the actions of the City and other Defendants, the Plaintiff, has been damaged.  Namely, all of the improvements, buildings and homes, have been demolished leaving vacant lots.

43)   During the same period of time, other cities followed Ky. Rev. Stat. § 381.770(6) and given notice of an imminent demolition.

44)   The Plaintiff as part of its business model often

successfully purchases properties after foreclosure, rehabs them, and sells them for substantial profit.  This is the Plaintiff's business model and a primary reason for purchasing the tax bills.

45)  Defendant's actions are extreme, fundamentally discriminatory, are an abuse of government power shocking the conscience are legally irrational not sufficiently keyed to any legitimate state interest.

46)  Plaintiff believes there may be other like situated parties who also were not notified who held tax bills who were not notified as required under Kentucky law.

## COUNT ONE

### VIOLATION OF PROCEDURAL DUE PROCESS AND DAMAGES BY CITY OF COVINGTON, J.P. EXCAVATING AND EVANS LANDSCAPING
### Section 1983 Claim

47)  Plaintiff incorporates by reference the allegations in Paragraphs 1-47 of this Complaint as if fully re-written herein.

48)  Under 42 U.S.C.S. § 1983, the Defendants actions violate the Due Process Clause of the 14th Amendment to the United States Constitution.

49)  The Plaintiff had a property interest in the properties by virtue of purchasing certificates of delinquency creating an encumbrance and lien against the real estate and improvements.

50)  Plaintiff has been deprived of its property interest

in all of the demolished structures and improvements listed herein by the City of Covington, J.P. Excavating, and Evans Landscaping.  The value of the improvements on the real estate has been diminished from the assessed value of the real estate to the value of a vacant lot.  Likewise, the value of the certificates of delinquency the Plaintiff holds has been reduced from the assessed value of the improvements to the value of vacant lots.

51)  Covington was required to notify all lien holders of its administrative actions to demolish structures and improvements on real estate under Ky. Rev. Stat. § 381.770(6)

52)  It was a fundamental requirement of due process, and required by state statute, to notify the Plaintiff and others similarly situated of its actions.  It did not.

53)  Covington also could have taken basic steps to determine who to notify of it's intent and actions to demolish the structures and improvements on the subject property.  Again, it did not with regard to the properties that are the subject matter of this action.

54)  Covington failed to notify the parties in the foreclosures of it's administrative actions with regard to the properties that are the subject matter of this action.  This violated the procedural due process rights due to the Plaintiff

and others similarly situated.

55)   Covington did file a notice of the impending demolitions with the County Clerk as to the properties that are the subject matter of this Complaint.  Covington filed a notice of demolition with the Kenton County Clerk for the structures and improvements located at 132 West 14th Street.  These filings were not required by state law and did not conform to the notice required to be sent to all lienholders under state law.  The notice of demolition was not a proper substitute for the plain directive the General Assembly created in Ky. Rev. Stat. § 381.770(6).

56)   Covington arbitrarily adhered to state law when it undertook its demolition program across the city.  In some cases, it provided notice of demolition.  As to all of the properties that are the subject matter of this action, it did not.  It also failed to notify the Plaintiff of it's administrative actions when it was a named party in foreclosures Covington was prosecuting or was a served party in the civil actions.

57)   The City's Code of Ordinances, 1984 Edition, as Amended, did not comply with state statute requiring notice to all lien holders prior to demolition.  It did not require a demolition order from the City's Code Enforcement Board be sent

to all lienholders.

58)   Ky. Rev. Stat. § 381.770(6) required Covington to do the following: "*unless imminent danger exists on the subject property that necessitates immediate action, the city…shall send, within fourteen (14) days of a final determination after hearing or waiver of hearing by the property owner, a copy of the determination to **any** lien holder of record of the subject property by first-class mail with proof of mailing…*" (emphasis added). Covington failed to provide notice in the manner required by law to the Plaintiff or any similarly situated entities.

59)   And Covington's Code Enforcement ordinance, Chapter 92, Section 18 (Section 92.18) in effect at the time does not comply with Ky. Rev. Stat. § 381.770(6).  It merely requires, "*(E) Every final order of the board shall be reduced to writing and include findings and conclusions reached and the date the order was issued. A copy of the order shall be furnished to **the person named in the citation.** If the person named in the citation is not present at the time a final order is issued, the order shall be delivered to that person by regular first-class mail; certified mail, return receipt requested; by personal delivery; or by leaving a copy of the order at that person's usual place of residence with any person residing therein who is*

*18 years of age or older and who is informed of the contents of the order… (G)  Notice of a final order shall be provided to the cited **violator** by regular first-class mail; certified mail, return receipt requested; personal delivery; or by leaving the notice at the person's usual place of residence with any individual residing therein who is eighteen (18) years of age or older and who is informed of the contents of the notice."* (emphasis added) Covington's City Code of Ordinances at the time relevant to this action was silent as to any notification to lien holders as outlined and required by state law where a final order will result in the demolition of the structure.

60)  The arbitrary action or arbitrary lack of action required by statute constitute procedural due process violations against the Plaintiff.  The city's codified notice procedures were in conflict with state law requirements.

61)  J.P. Excavating and Evans Landscaping were agents of the City who demolished and tore down the structures and improvements at the direction of the City of Covington. Covington entered into written contracts with both companies. J.P. Excavating and Evans Landscaping were compensated for their actions by the City of Covington.   They were acting under the color of state law.

62)      Evans Landscaping tore down the homes and

structures at the following addresses at Covington's direction: 1629 May Street, 1610 Jefferson Avenue. No notice was provided to the Plaintiff or any similarly situated party prior to the demolitions.

63) J.P. Excavating tore down the homes and structures at the following addresses at Covington's direction: 211 West 16th Street, 1322 Holman Street, 221 Bush Street, 1567 Maryland Avenue, 1629 May Street, 317 East 12th Street, 1828 Garrard Street, 212 Bush Street, 422 West 13th Street. No notice was provided to the Plaintiff or any similarly situated party prior to the demolitions.

64) The Plaintiff and other similarly situated purchasers of certificates of delinquency have been damaged as a result of Covington and its agents' action or lack of action.

65) Plaintiff and others similarly situated will continue to suffer monetary and other compensatory damages as a result of the actions pled herein.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATIONS BY COVINGTON, J.P. EXCAVATING, AND EVANS LANDSCAPING
### Section 1983 Claim

66) Plaintiff incorporates by reference the allegations in Paragraphs 1-66 of this claim as if fully re-written herein in their entirety.

67)  Covington and its agents, J.P. Excavating, and Evans Landscaping, acted in a manner that must not take place no matter the procedural protections and their conduct shocks the conscience of the reasonable person.

68)  It was clearly offensive to the community standards to blatantly disregard state law requirements and engaging in a pattern of arbitrary and capricious actions to demolish homes, structures, and improvements of property owners without a legitimate purpose and without notice as required by law.

69)  The City and it's employees and agents brought minor code enforcement violations resulting against non-responding homeowners to gain demolition orders from its Code Enforcement Board. They used prior default code enforcement cases for minor violations to obtain demolition orders.

70)  Covington then contracted with J.P. Excavating and Evans Landscaping to act under the color of law to demolish homes, structures, and improvements significantly diminishing the value of the real property and improvements.

71)  The Plaintiff and other similarly situated purchasers of certificates of delinquency have been damaged as a result of Covington and its agents' action or lack of action.

72)  Plaintiff and others similarly situated will continue to suffer monetary and other compensatory damages as a result of the actions pled herein.

**COUNT THREE**

**IMPROPER TAKING WITHOUT JUST COMPENSATION (5TH AMENDMENT VIOLATION BY COVINGTON, J.P. EXCAVATING, AND EVANS LANDSCAPING**
**Section 1983 Claim**

73)   Plaintiff incorporates by reference the allegations in paragraphs 1-73 of this Complaint as if fully re-written herein.

74)   Under 42 U.S.C.S. § 1983, the actions of the Defendants violate the Takings Clause of the Fifth Amendment to the United States Constitution.

75)   Defendants, acting under the color of law, have acted outside their authority and have violated rights secured by the Plaintiff by the Fifth Amendment.   The Fourteenth Amendment has extended the guarantees of the Fifth Amendment to the states and local governments.

76)   The Defendants and agents took and demolished private property the Plaintiff had a legal right in without just compensation and without providing notice of such action.

77)   The prohibition of improper takings applies to the City of Covington because it is a local government. Furthermore, Defendants deprived Plaintiff and others similarly situated of property it had a legal interest in without due process of law, in direct violation of the Due Process Clause of the Fourteenth Amendment.

78)   Defendants' conduct in simply seizing and demolishing

property of private property owners and other parties and
individuals with a legal interest in the property without just
compensation shocks the conscience and interferes with the
rights implicit in the concept of ordered liberty.

79) Defendants' conduct in seizing the property of private
property owners and those with a legal interest in the property
is legally irrational and is not sufficiently keyed to any
legitimate state interest. Further, Defendants, deprivation of
property the Plaintiff had a legal interest in was not
implemented in a fair manner.

80) Plaintiff had a legal interest in the real property
seized and demolished by the Defendants. Defendants and its
agents, J.P. Excavating and Evans Landscaping, used the
governmental power of the City of Covington to oppress the
Plaintiff and others similarly situated, and homeowners, to
seize and demolish homes, structures, and other improvements to
real property the Defendants had no legal right of ownership.

81) Defendants had no legitimate reason to believe
Plaintiff did not have a protectable property interest in the
real property held by the Plaintiff or in which the Plaintiff
had a legitimate interest as a purchaser of tax bills.

82) Defendants could not reasonable believe seizing and
demolishing homes, structures, and other improvements where the

Plaintiff had without proper notice or compensation was a rationally or legally sound program or action by a local government to undertake.

83)   Defendants continue to demolish properties under false pretenses and commit ongoing violations by failing to acknowledge its legal duty to notify line holders.

84)   Defendants present a future threat of violations against individuals and corporations that support local governments by purchasing tax bills in Covington and Kenton County.   Defendants have acted egregiously and in a highly inappropriate manner by mispresenting their authority of the properties controlled by the Plaintiffs and by acting outside their governmental authority by demolishing buildings without notice to owners and lien holders who have a valid interest in the property.

85)   Defendants' actions have left Plaintiff and other similarly situated corporations and individuals with vacant lots with no improvements and liens whose values were based on the assessed value of the property and its improvements, even if they properties were dilapidated or run down.   None of the properties presented a public safety risk to the general public warranting demolition without notification of lien holders.

86)   Defendants' interference with lien holder's rights is

highly unconscionable, as their action indicates the City of Covington can demolish buildings without notice, consequence or just compensation.  The city was not exercising is police power to abate a real nuisance.

87)   Defendants, Covington had no legal authority to direct its agents, J.P. Excavating and Evans Landscaping, to demolish real property the lien holders, including Plaintiff, had a legal interest in and the City had no interest.

88)   This conduct is an unlawful taking of property and violated the Takings Clause of the Fifth Amendment and violated Plaintiff's rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment.

89)   Plaintiff and others similarly situated will continue to suffer monetary and other damages including but not limited to inability to enjoy the full value of the properties the Defendant demolished without proper notice.

## COUNT FOUR

### EQUAL PROTECTION VIOLATION BY COVINGTON, J.P. EXCAVATING AND EVANS LANDSCAPING
### Section 1983 Action

90)   The Plaintiff reincorporates by reference all of the allegations in Paragraphs 1-90 of this Complaint as if restated fully in their entirety.

91)   Covington, its employees, and its agents, J.P. Excavating and Evans Landscaping, acted in a manner that

violated equal protections guaranteed to them by Kentucky law to the Plaintiff and those similarly situated.

92)   Ky. Rev. Stat. § 381.770(6) created a required method to notify all lienholders, including the Plaintiff of an impending demolition.   The General Assembly expanded the class of individuals due a specific notice beyond the property owner to all those with liens of record against the property.   The General Assembly created a specific class, lienholders of record, to whom Covington owed a duty.

93)   The specific duty was to notify the lienholders of an administrative finding that would result in a demolition of homes, structures, and improvements to real estate a lien holder holds a property right.

94)   Covington's ordinance, at the time relevant to this action, did not require notice of final orders requiring demolition to all lienholders, only property owners.

95)   Covington's city code and its actions by employees or agents, including but not limited to, J.P. Excavating and Evans Landscaping, violated the protections guaranteed under Kentucky law to the Plaintiff as a lien holder of record, and a specifically mentioned class of entities whose property rights were to be protected under Ky. Rev. Stat. § 381.770(6).

96)   Plaintiff and others similarly situated will continue

to suffer monetary and other damages including but not limited to inability to enjoy the full value of the properties the Defendant demolished without proper notice.

## COUNT FIVE

### FOURTH AMENDMENT VIOLATION, ENTRY UPON PRIVATE PROPERTY WITHOUT A WARRANT BY CITY OF COVINGTON
#### Section 1983 Claim

97)   The Plaintiff incorporates by reference all of the allegations in Paragraphs 1-97 of this Complaint as if restated fully herein in their entirety.

98)   Defendant, City of Covington, in-order to support violations issues by its Code Enforcement Department entered upon private property without permission of owners and more importantly without a warrant as required under the 4th Amendment of the United States Constitution.

99)   Covington employees and agents entered vacant buildings without a warrant to enter the premises and without probable cause to obtain photographs and other information to substantiate claims buildings were health and safety risks.

100) Defendant City of Covington and its code enforcement employees acted under the color of law and with disregard to the prohibition against entry into private property without a lawful warrant.

101) Such conduct shocks the conscience and served no

legitimate government interest.

102) The conduct was done to support the other unlawful actions, primarily demolitions of buildings without notification to lien holders as required by Kentucky law.

103) The Plaintiff and other similarly situated purchasers of certificates of delinquency have been damaged as a result of Covington and its agents' actions to not equally protect the property rights of homeowners over those of lien holders, a specific class of individuals, Ky. Rev. Stat. 371.880(4) was enacted to protect.

104) Plaintiff and others similarly situated will continue to suffer monetary and other compensatory damages as a result of the actions pled herein.

## PENDENT STATE LAW CLAIMS

### COUNT SIX

### TRESPASS BY COVINGTON OFFICIALS AND J.P. EXCAVATING AND EVANS LANDSCAPING

105) The Plaintiff incorporates by reference all of the allegations in Paragraphs 1-105 of this Complaint as if restated fully herein.

106) Defendant and its agents entered upon real property

without permission from the owners or those in the control of the property with the intention to gain access to properties, especially those that were vacant.

107) Defendant, City of Covington, its agents entered into vacant buildings without lawful permission and without a warrant as required by the 4th Amendment.

108) Quiet enjoyment of the property was interfered with as a result of the trespass and other taken by the Defendant, City of Covington, and its agents and employees.

109) Plaintiff and others similarly situated will continue to suffer monetary and other compensatory damages as a result of the actions pled herein.

**COUNT SEVEN**

**VIOLATIONS OF KENTUCKY CONSTITUTION, SECTIONS TWO, TEN, AND THIRTEEN BY COVINGTON, J.P. EXCAVATING, AND EVANS LANDSCAPING**

110) Plaintiff incorporates by reference the allegations in Paragraphs 1-110 of this Complaint as if fully re-written herein.

111) The 1891 Constitution of the Commonwealth of Kentucky, Section 2 states, "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even the largest majority." Section 10 states, "[t]he people shall be secure in their persons, papers, and possessions, from unreasonable search and seizure…"  And Section

Thirteen states, "[n]o person shall, for the same offense, be twice be put in jeopardy of his life or limb, nor shall nay man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."

112) As stated herein, the City of Covington, its agents and employees, acting under the color of state law entered and demolished property without the legally required notice to the Plaintiff as required by statute. They acted in an arbitrary manner in clear violation of state law requiring notice before demolishing homes, structures, and improvements to all lien holders including the Plaintiff and others similarly situated.

113) Further, the City and its agents entered into he property without a legal basis or warrant to bolster their claims to demolish the homes and structures violating Section 10.

114) And the Defendants, demolished homes, structures, and improvements in an excessive use of their police power without just compensation with those with a property right to the property, including the Plaintiff and others similarly situated.

115) The Defendants, City of Covington, and its

agents and employees, namely J.P. Excavating, and Evans Landscaping, actions constitute a violation of the Kentucky Constitution sections outlined herein for which Plaintiff and others similarly situated have suffered damages including but not limited to the loss of value of the improvements to the real estate for which he purchased tax bills.

116) Plaintiff and others similarly situated will continue to suffer monetary and other compensatory damages as a result of the actions pled herein.

**WHEREFORE,** the PLAINTIFF prays for the following relief:

A) **A trial by jury of all of the issues alleged herein;**
B) **A declaratory judgment that the practices at issues violate the constitutional and statutory rights of the Plaintiff;**
C) **A certification of a class action of similarly situated lien holders who may also have a claim against the Defendants for the actions alleged herein;**
D) **For a judgment for damages in an amount that exceeds the jurisdictional requisites of this Court;**
E) **An award of Plaintiff's reasonable costs, expenses, and attorney's fees as proscribed by statute; and**
F) **An award of such other and equitable relief as this Court shall deem just and reasonable.**

Respectfully submitted,


____/sjm/_____
STEVEN JOSEPH MEGERLE, Ky. Bar Reg. No. 90675
Attorney for the Plaintiff
P.O. Box 2613
Covington, Kentucky 41012
(859) 982-2025
Facsimile: (859) 972-0555
Electronic Mail: Sjm4880@aol.com