**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 19-188-DLB-CJS**

**KY. TAX BILL SERVICING, INC.,** Individually
and on behalf of those individual members of a
class of similarly situated persons or corporations                            **PLAINTIFF**


**v.**                          <u>**MEMORANDUM ORDER**</u>


**CITY OF COVINGTON, et al.**                                                  **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Application for Entry of Default Against Defendant, J.P. Excavating, Inc. (R. 55). The Application posits that J.P. Excavating, Inc. failed to respond to the Complaint by its deadline to do so, January 16, 2020, under the 21-day response time provided by Federal Civil Rule 12(a)(1)(A)(i), and therefore an entry of default should be entered under Rule 55(a). In its Response (R. 57), J.P. Excavating, Inc. agrees that it missed its responsive pleading deadline but points out that it did so by only one day, filing its Motion to Dismiss (R. 47) on January 17, 2020. It asks this Court to consider the factors that are relevant in setting aside an entry of default, noting that its failure to timely respond due to a calculation error by defense counsel would ultimately constitute "good cause." Plaintiff has also filed a Motion to Strike Defendant J.P. Excavating, Inc.'s Motion to Dismiss (R. 56), arguing that dismissal motion was not timely filed, and J.P. Excavating, Inc. did not seek an extension to answer or otherwise respond.

Although both parties proceed under the assumption that service of process was properly effectuated on J.P. Excavating, Inc., the record indicates otherwise. Plaintiff's chosen method for

service upon J.P. Excavating, Inc. was certified United States mail. (R. 36). Federal Civil Rule 4(h)(1)(A) provides that service upon a corporation may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). "While federal law does not provide specifically for service via mail, Rule 4(e)(1) allows service to be made in compliance with state law where the district court is located or where service is made." *Ranger Nat. Gas, LLC v. Burns*, No. CV 07-202-ART, 2009 WL 10676540, at *1 (E.D. Ky. Sept. 18, 2009). Under Kentucky law, service upon a corporation may be made upon "an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Ky. R. Civ. P. 4.04(5). And Kentucky Civil Rule 4.01(a) permits service via certified mail, as Plaintiff sought to do here. But while certified mail is a permissible form of service under Kentucky law, this method of service must include "instructions to the delivering postal employee to deliver to the addressee only." Ky. R. Civ. P. 4.01(a).

The Court takes judicial notice that Susan Pittman is the registered agent and sole officer of J.P. Excavating, Inc. according to the Kentucky Secretary of State website. *See Taylor v. Mosely*, No. 3:11CV-27-M, 2011 WL 381805, at *1 (W.D. Ky. Feb. 1, 2011) (taking judicial notice of Kentucky Secretary of State information on website). Here, the signature of the person who signed for delivery is John Pittman. (R. 36, Page ID 182). Thus, without further information identifying John Pittman as a person upon whom service of J.P. Excavating, Inc. could be properly effectuated under Kentucky law, service was not completed as claimed and entry of default would thus be inappropriate. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default.").

The burden of perfecting service and demonstrating proper service falls on the plaintiff. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't,* 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996)). Actual knowledge of the lawsuit does not substitute for proper service. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991). "Due to the integral relationship between service of process and due process requirements, . . . actual knowledge of the action [does not] cure a technically defective service of process." *Id.* "In short, the requirement of proper service 'is not some mindless technicality.'" *Id.* (quoting *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)). Moreover, a defendant's obligation to plead or otherwise defend does not arise until that defendant has been properly served with the summons and complaint or has otherwise timely waived service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i-ii). Here, J.P. Excavating, Inc. has of course entered an appearance through counsel and filed a Motion to Dismiss. But because it voluntarily did so when service of process upon it had not yet been properly perfected, its Motion to Dismiss filing could not have been untimely.

Alternatively, even assuming that service was properly effectuated, the Court would still deny the request for an entry of default. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although Plaintiff argues that this language *requires* an entry of default where a responsive pleading is late (R. 55, Page ID 261), case authority establishes otherwise where the circumstances demonstrate that "good cause" exists to set aside an entry of default. *See Redhawk Glob., LLC v. World Projects Int'l, Inc.,* No. 2:11-CV-00666, 2013 WL 12284409, at *2 (S.D. Ohio Nov. 8, 2013) ("Because the factors weigh in favor [of] setting a[s]ide the entry of default, [the] application for entry of default . . . is DENIED . . . ."); *Jackson v. Hamilton Cty. Cmty. Mental Health Bd.*, 174 F.R.D.

394, 395 (S.D. Ohio 1997) (declining to grant default judgment where clerk's entry of default had not been entered and defendant's answer was only eleven days late). This makes sense; a court should not go through the mechanics of entering a default if "good cause" exists to set that default aside.

Accordingly, the Court considers the factors for setting aside an entry of default under Rule 55(c), which are: "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

Here, all three factors weigh in favor of setting aside a default, if one were to be entered. Defense counsel's purported one-day "late filing was not willful [and] . . . [t]here is no evidence that Defendant intended to thwart judicial proceedings or to recklessly disregard the effect of its conduct on the proceedings." *Jackson*, 174 F.R.D. at 396; *see also Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *2 (E.D. Mich. July 14, 2008) ("The Defendants' conduct [in filing responsive pleading fourteen days late], even if it were considered to be negligent, cannot be characterized as 'culpable' under this standard."). Next, J.P. Excavating, Inc. has asserted meritorious defenses (no viable constitutional claim and standing defense) in its motion to dismiss, which standard looks not to the likelihood of success, but "if any defense relied upon states a defense good at law." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Lastly, Plaintiff will not be prejudiced by J.P. Excavating, Inc.'s one-

day untimely Motion to Dismiss, because "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside [an entry of default]." *Id.*

Accordingly, for the reasons stated hereinabove, **IT IS ORDERED** that

1) Plaintiff's Application for Entry of Default Against Defendant, J.P. Excavating, Inc. (R. 55) is hereby **denied;** and

2) Plaintiff's Motion to Strike Defendant J.P. Excavating, Inc.'s Motion to Dismiss (R. 56) is hereby **denied.**

Signed this 10th day of February, 2020.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2019\19-188-DLB order re #55 & #56.docx